## In Re Assignment of John S. Kenyon.

JUNE 6, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J.   December 12, 1930, John S. Kenyon of Richmond gave a mortgage upon his automobile to the Auto Owner's Finance Co., Inc.   Mr. Kenyon was described in the mortgage as being a resident of Scituate.   This was a misdescription as Mr. Kenyon was then a resident of Richmond.   The mortgage was duly recorded in the town of Scituate.   February 24, 1931, Mr. Kenyon made a common law assignment for the benefit of his creditors.   March 8, Mr. Kenyon died.   The assignee petitioned the Superior Court for instructions relative to the sale of the automobile. After hearing all parties interested, the court entered a decree authorizing the assignee to sell the automobile free of encumbrances.   Said Finance Co. appealed from this decree.

The question presented by the appeal is the validity of said mortgage.   The question arises because the mortgage was not recorded in the town where Mr. Kenyon resided. So much of § 4387, G. L. 1923, applicable to the facts in this case is as follows: "No mortgage of personal property hereafter made shall be valid as to the assignee in insolvency of the mortgagor, or any other person except the parties thereto and their executors and administrators, until . . . the said mortgage be recorded in the records of mortgages of personal property in the town or city where the mortgagor shall reside . . . within five days from the date of the signing thereof."

Appellant contends that because Mr. Kenyon was described in the mortgage as residing in the town of Scituate the mortgage was duly recorded when it was recorded in the records of mortgages of that town. The contention cannot be sustained. It does not appear in the record why Mr. Kenyon's residence was misdescribed in the mortgage deed. The apparent purpose of said section was to require the mortgagee to have his mortgage promptly recorded in the town where the mortgagor resided so his creditors would have an opportunity to ascertain whether he was giving a preference to any of them. To hold that the recording of a mortgage in a town other than that of the actual residence of the mortgagor would validate the mortgage would nullify the plain meaning and intent of the statute.

Appellant claims that inasmuch as an unrecorded mortgage is valid between "the parties thereto and their executors and administrators" a common law assignee stands in the place of the mortgagor and is bound by his mortgage. Undoubtedly this was formerly the law. In *Wilson* v. *Esten,* 14 R. I. 621, it was held that a voluntary assignee succeeded simply to the rights of the assignor. The statute then in force was afterwards substantially amended by adding that an unrecorded mortgage would not be valid "as to the assignee in insolvency of the mortgagor or any other person." Appellant argues that this exception in favor of "an assignee in insolvency of the mortgagor" is not broad enough to include an assignee for the benefit of creditors under a common law assignment. This claim would have us disregard the other words in the amendment "or any other person except the parties thereto and their executors and administrators." It will be noticed that the statute does not make an unrecorded mortgage valid against the "assigns" of a mortgagor. By the amendment the legislature undoubtedly intended that an unrecorded mortgage should not be valid against the mortgagor's assignee for the benefit of his creditors.

The appeal is dismissed; the decree appealed from is affirmed and the cause is remanded to the Superior Court for Washington county for further proceedings.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for assignee.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for Auto Owner's Finance Co., Inc.