BRUNO J. RAMUNNO *vs.* WATERMAN AVE. BAKERY, INC.

APRIL 30, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J.   This is an appeal by a mortgagee from a decree of the superior court holding that a certain chattel mortgage made by respondent to said mortgagee, the Industrial Trust Company, a Rhode Island banking corporation, is not a valid lien as against creditors of respondent.

The facts are not in dispute.   Waterman Ave. Bakery, Inc., a corporation duly organized under the laws of this state, was located by its charter in the town of East Providence.   On July 6, 1949 respondent executed and delivered to the Industrial Trust Company at its East Providence branch a promissory note secured by a chattel mortgage.   This mortgage covered one 1946 Chevrolet half-ton panel truck and one 1947 Chevrolet sedan delivery truck, each of which was described by the motor and serial number.   At the time of this transaction these trucks were garaged in East Providence.   The mortgage was duly recorded in the records of personal property mortgages of the town of East Providence and was thereafter discharged on March 16, 1950.

On February 2, 1950 respondent ceased to do business in East Providence because of action taken against it by the public health authorities.   The bakery apparatus and fixtures were subsequently stored in East Providence, but the two trucks covered by the mortgage were moved to

Fall River, Massachusetts, and were thereafter garaged in that city. There is no evidence that respondent at any time transacted its ordinary business affairs in Fall River or elsewhere in Massachusetts.

On March 9, 1950 the Industrial Trust Company refinanced the loan to respondent, taking a new note secured by a new chattel mortgage. This mortgage was recorded in the office of the city clerk in Fall River on March 10, 1950 but *was not recorded in Rhode Island.* The mortgage note was executed in East Providence in this state, and it is not denied that the mortgage which was to secure the note was executed concurrently with the mortgage note.

On May 15, 1950 Timothy J. McCarthy of Providence was appointed permanent receiver of the corporation and thereafter filed a petition in the superior court seeking advice and instructions as to whether he should recognize the chattel mortgage of March 9, 1950 as a valid claim against the respondent under the provisions of general laws 1938, chapter 442, §10. The trial justice held the mortgage in question to be invalid as against creditors of the respondent corporation then in receivership, and a decree to that effect was entered in the superior court. From such decree the mortgagee duly appealed and the cause is now before us on such appeal.

The receiver argues that the decree appealed from was properly entered and that the question of the validity of the chattel mortgage is governed by G. L. 1938, chap. 442, §10, the pertinent portion whereof reads as follows: "No mortgage of personal property hereafter made shall be valid as to the assignee in insolvency of the mortgagor, or any other person except the parties thereto and their executors and administrators, until possession of the mortgaged property be delivered to and retained by the mortgagee, or the said mortgage be recorded in the records of mortgages of personal property in the town or city where the mortgagor shall reside, if in this state; and if not in this

state, then in the town where the property is at the time of making said mortgage; which said recording or taking and retention of possession as aforesaid shall be made or taken within 5 days from the date of the signing thereof * * *." On the other hand the mortgagee contends that the mortgage is valid under the law of Massachusetts, in which state the mortgaged chattels were located at the time of the execution of the mortgage and the mortgage note secured thereby. It insists that if there is a conflict between the law of this state and that of Massachusetts the law of the latter state should be applied to uphold the validity of the mortgage.

Assuming, without deciding, that there is such a conflict, we cannot agree with the contention of the mortgagee. The request for instructions is made, not to a Massachusetts court but to a Rhode Island court. The parties to this proceeding are residents of the state of Rhode Island. The respondent was located by its charter in the town of East Providence. Its place of residence was thereby fixed. The mortgage note in question was executed in the town of East Providence, and no evidence has been presented to indicate that the mortgage given to secure this note was made elsewhere. Such mortgage may therefore be presumed to be one executed in this state. In these circumstances it is our judgment that the law of this forum should govern, and that to hold otherwise would be to ignore entirely an applicable statute which was enacted especially to safeguard and protect the rights of creditors against mortgagors of personal property in Rhode Island.

This court in the case of *In re Assignment of John S. Kenyon,* 52 R. I. 298, construed an earlier but similar statute. There a chattel mortgage of his automobile was given to a finance corporation by Kenyon. He described himself as a resident of Scituate, but he was actually a resident of the town of Richmond in this state. On a petition for instructions by the assignee for the benefit of creditors the court, in holding the mortgage invalid, said at page 299: "The apparent purpose of said section

was to require the *mortgagee* to have his mortgage promptly recorded *in the town where the mortgagor resided* so his creditors would have an opportunity to ascertain whether he was giving a preference to any of them. To hold that the recording of a mortgage in a town other than that of the *actual* residence of the mortgagor would validate the mortgage would nullify the plain meaning and intent of the statute." (italics ours)

In our opinion the law of this state governs transactions occurring within its borders and should be followed even if the law of other states be to the contrary. This rule is well set forth in 15 C.J.S. Conflict of Laws, §4, p. 853, as follows: "In general, it may be said that in the recognition and enforcement of foreign laws and rights based thereon, the courts are slow to overrule the positive law of the forum, it often being said that the doctrine of comity, pursuant to which foreign law or rights are given effect, must yield to the positive law of the land. Thus, foreign law is not enforced when in conflict with the positive or prohibitory statute law of the forum, or the settled current of its judicial decisions." Under G. L. 1938, chap. 442, §10, the residence of the mortgagor if in this state is made the dominant factor in determining the proper place for recording chattel mortgages given by Rhode Island residents, rather than the situs of the personal property as contended by the mortgagee. In these circumstances, the mortgage not having been recorded in the town of East Providence as expressly required by the law of this state, such mortgage is not a valid lien as against creditors of the respondent corporation.

The appeal of the mortgagee, Industrial Trust Company, is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Hinckley, Allen, Salisbury & Parsons, Edward M. Watson,* for Industrial Trust Company.

*Francis I. McCanna, Timothy J. McCarthy,* for receiver.